1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

TROY TICEY and CYNTHIA TICEY,

CASE NO. C22-1110 MJP

11

Plaintiffs,

ORDER GRANTING
DEFENDANT'S MOTION TO
CLARIFY

12

v.

13

FEDERAL DEPOSIT INSURANCE
CORPORATION and DOES 1-30,

14

Defendants.

15

16

17

18

19

20

This matter comes before the Court on Defendant's Motion to Clarify Whether Its
Counsel May Communicate Directly With Plaintiffs. (Dkt. Not. 24.) Having reviewed the
Motion, Plaintiffs' Responses (Dkt. Nos. 25, 28), and all supporting materials, the Court
GRANTS the Motion.

**BACKGROUND**

21

22

23

24

Plaintiffs Troy and Cynthia Ticey filed this lawsuit pro se. Counsel for Defendant Federal
Deposit Insurance Corporation, as receiver for Washington Mutual Bank (FDIC-R) represents
that during the parties Rule 26(f) conference, Troy Ticey stated that he has received and

continues to receive assistance from an attorney who has not made an appearance in this action. (Mot. at 1.) The FDIC-R did not complete the Rule 26(f) conference upon learning of the potential that Plaintiffs are represented by counsel, given the FDIC-R's counsel's concerns about complying with the Washington Rules of Professional Conduct ("RPC"). (Id.) Citing RPC 4.2, the FDIC-R seeks an order clarifying whether it may speak directly with Plaintiffs.

**ANALYSIS**

As the FDIC-R correctly notes, counsel practicing in this District must comply with the RPCs. See Local Civil Rule 83.3(a)(2). Relevant here is RPC 4.2, which forbids a lawyer from communicating "about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order." When there is uncertainty as to whether a pro se party is represented by counsel, the represented party may seek an order of court to obtain permission to speak to the pro se party. See RPC 4.2, comment 6.

On the record before it, the Court finds that the FDIC-R may speak directly to Plaintiffs. Plaintiffs have not identified any counsel representing them in this matter. And Plaintiffs' response to the Motion confirms that they wish to proceed pro se. (See Dkt. No. 25 at 2.) Unless an attorney files a notice of appearance in this action on Plaintiffs' behalf or Plaintiffs identify to the Court or FDIC-R the name and means of contacting a lawyer assisting Plaintiffs in this matter, the FDIC-R may contact Plaintiffs directly in this matter. The Court shall continue to treat Plaintiffs as appearing pro se in this matter.

In light of this Order, the Court hereby EXTENDS the following deadlines so that the Parties may comply with the initial case deadlines:

1.    Deadline for FRCP 26(f) Conference:              March 17, 2023

2.    Initial Disclosures Pursuant to FRCP 26(a)(1):    March 24, 2023

3.    Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f)

and Local Civil Rule 26(f):                    March 31, 2023

This extension of the initial case deadlines renders MOOT the relief requested by

Plaintiffs in their Motion for Discovery, which the clerk is directed to terminate. (See Dkt. No.

28.)

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated March 1, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY - 3