1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY TICEY and CYNTHIA TICEY,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION and DOES 1-30,<br><br>　　　　　　　　　Defendants. | CASE NO. C22-1110 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR STAY |

　　　This matter comes before the Court on Plaintiffs' Motion for Reconsideration (Dkt. No. 32) and Motion for Stay (Dkt. No. 33). Having reviewed both Motions, the Response to the Motion to Stay filed by Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank (FDIC) (Dkt. No. 35), and all supporting materials, the Court DENIES the Motion for Reconsideration and DENIES as MOOT the Motion to Stay.

**ANALYSIS**

### A. Motion for Reconsideration

Plaintiffs move for reconsideration of the Court's Order on the FDIC's Motion to Dismiss. The Court finds no merit in the Motion.

As an initial matter, the Court notes that Plaintiffs' Motion for Reconsideration is ten pages long, which exceeds the page limit by four pages. Local Civil Rule 7(e)(1). Although the Court need not consider any arguments after the sixth page, it has considered them given Plaintiffs' pro se status and in the interests of rendering a decision on all issues raised in the Motion.

In this District, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

First, Plaintiffs argue that the Court committed manifest error by determining that Nevada law applies to certain of the claims contained in their complaint. Plaintiffs identify no flaw in the Court's analysis under Washington's choice of law analysis or any reason why Washington's choice of law rules do not apply. Instead, Plaintiffs argue that California consumers cannot waive the protections of the California Financial Code § 22000 and that any choice of law provision in the Loan Agreement is "void." (Mot. at 2.) Plaintiffs raised these same arguments in their opposition to the Motion to Dismiss (see Resp. at 11), and the Court again finds them without merit. The cases Plaintiffs cite merely concluded that on the unique facts presented, a contractual choice of law provision could not bar claims under California's consumer protection laws. See Am. Online, Inc. v. Superior Ct., 90 Cal. App. 4th 1 (2001), as modified (July 10, 2001); Brack v. Omni Loan Co., Ltd., 164 Cal. App. 4th 1312, 1325 (2008).

Here, Plaintiffs did not assert any claims under California's consumer laws, which renders these cases irrelevant. Moreover, these cases applied California's choice of law rules, not Washington's rules, which apply here and which compel the application of Nevada law to Plaintiffs' breach of contract, unconscionability, unjust enrichment, undue influence, and slander of title claims. (Order on MTD at 4-15.) Similarly, the Court already considered and rejected Plaintiffs' argument that Mrs. Ticey's claims must be subject to California law and Plaintiffs identify no manifest error in this decision. (See id. at 5.)

Second, Plaintiffs argue that the Court committed manifest error concerning "Defendant's Duty to Plaintiffs." Plaintiffs identify no manifest error in their brief and merely rehash arguments that the Court already considered and rejected.

Third, Plaintiffs argue that the Court incorrectly determined the statute of limitations under Nevada law and should have applied California law. But as explained above, the Court finds no error in its choice of law analysis and no merit in this argument.

Fourth, Plaintiffs suggest that the Court erred in dismissing some claims with prejudice because Plaintiffs are pro se and the Court must liberally construe the pleadings. But the Court expressly applied the rules of liberal construction to Plaintiffs' pro se complaint (see Order on MTD at 3), and explained the reasons why dismissal without leave to amend as to certain claims was necessary. Plaintiffs' argument lacks merit. Similarly, the Court remains unconvinced that its Order on the Motion to Dismiss made manifestly erroneous determinations that certain of the individual claims could not be saved through amendment. The Court rejects Plaintiffs' request to reconsider those determinations.

In sum, the Court finds no merit in Plaintiffs' Motion for Reconsideration and DENIES it.

**B.    Motion for Stay**

Plaintiffs ask the Court to stay its Order on the Motion to Dismiss that required any amended complaint to be filed within 30 days of entry of the Order. (Mot. for Stay at 1-2.) Plaintiffs ask the Court to re-start the amendment deadline after it ruled on the Motion for Reconsideration. (Id. at 3.) Plaintiffs have since complied with the Court's Order on the Motion to Dismiss and timely filed an Amended Complaint (Dkt. No. 35). The filing of the Amended Complaint moots the relief Plaintiffs seek and the Court therefore DENIES the Motion for Stay as MOOT.

## CONCLUSION

The Court finds no manifest error in its Order on the Motion to Dismiss and therefore DENIES Plaintiffs' overlength Motion for Reconsideration. And the Court DENIES as MOOT Plaintiffs' Motion for Stay.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated May 11, 2023.

Marsha J. Pechman
United States Senior District Judge