UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY TICEY and CYNTHIA TICEY,<br><br>            Plaintiffs,<br><br>   v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION and DOES 1-30,<br><br>            Defendants. | CASE NO. C22-1110 MJP<br><br>ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT |

This matter comes before the Court on the Motion to Dismiss filed by Defendant Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank (FDIC). (Dkt. No. 37.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 38), the Reply (Dkt. No. 40), and all supporting materials, the Court GRANTS the Motion, DISMISSES the amended complaint WITH PREJUDICE.

ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT - 1

**BACKGROUND**

Plaintiffs acquired a home loan from Washington Mutual Bank in 2007, secured by a residence in Anaheim, California. (See First Amended Complaint (FAC) ¶ 14 (Dkt. No. 35.) Plaintiffs allege they were given false assurances about the nature of the loan's features by a Washington Mutual branch manager, including as to the interest rate features and prepayment penalties (See id. ¶¶ 22-28, 43-76.) Specifically, Plaintiffs allege that the branch manager assured them that the terms of the loan "were in Mr. Ticey[']s best interest." (Id. ¶ 65.) They also allege that "Mr. Ticey also indicated that he was sold on the false promise of being able to convert between a fixed and adjustable interest rate determination for the life of the loan." (Id. ¶ 54). And they allege that the branch manager "echoed" statements from Washington Mutual's executives about the nature of the loan they acquired. (See id. ¶ 50; Resp. at 6-7.) Plaintiffs allege that they only recently became aware of the falsity of these assurances when they tried to convert the loan from an adjustable to a fixed rate and were told that option expired ten years after the loan was originated. (See FAC ¶ 38.) Plaintiffs allege that this inability to convert the rate of the loan has harmed their creditworthiness and they cannot refinance the loan. (See id. ¶¶ 55-58.)

Plaintiffs' original complaint included eight claims: (1) unfair and deceptive acts in violation of Section 5 of the Federal Trade Commission; (2) breach of contract; (3) unconscionability; (4) unjust enrichment; (5) violations of the Truth in Lending Act (TILA) by failing to provide loan disclosures; (6) undue influence; (7) slander of title; and (8) violation of California community property laws. (Compl. ¶¶ 60-115 (Dkt. No. 1).) The FDIC moved for and obtained dismissal of all claims. (Dkt. No. 31.) The Court dismissed with prejudice Plaintiffs' claims for: (1) violations of the Federal Trade Commission Act; (2) breach of contract; (3) unconscionability; (4) unjust enrichment; (5) violations of TILA; (6) slander of title; and (7)

1 violations of California's community property laws. The Court allowed amendment of the undue

2 influence claim and the assertion of a new fraud claim. (Id.)

3 Plaintiffs' Amended Complaint includes three claims: (1) fraud, (2) negligent

4 misrepresentation; and (3) undue influence. (FAC ¶¶ 39-94.) The FDIC again moves to dismiss.

**ANALYSIS**

**A.    Legal Standard**

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint may fail to show a right of relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." Woods v. U.S. Bank N.A., 831 F.3d 1159, 1162 (9th Cir. 2016). In ruling on a Rule 12(b)(6) motion, the Court must accept all material allegations as true and construe the complaint in the light most favorable to the non-movant. Wyler Summit P'Ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"Rule 9(b)'s particularity requirement applies to state-law causes of action" that sound in fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Id. at 1106 (citation and quotation omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (citation and quotation omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The

1  plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker
2  v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir.1994).

3  **B.     Fraud**

4  FDIC seeks dismissal of Plaintiffs' fraud claim on the theory that it has not been pleaded
5  with adequate particularity to satisfy Rule 9(b). The Court agrees.

6  Under both Nevada and California law, a plaintiff pursuing a fraud claim must allege the
7  following: (1) a false representation or omission; (2) knowledge of the falsity; (3) defendant's
8  intent to induce reliance; (4) plaintiff's justifiable reliance; and (5) resulting damage. Nev. State
9  Educ. Ass'n v. Clark Cty. Educ. Ass'n, 137 Nev. 76, 87, 482 P.3d 655, 675 (2021); Collins v.
10 eMachines, Inc., 202 Cal. App. 4th 249, 259 (2011).

11 Although Plaintiffs have added more detail to their fraud claim, they fail to identify with
12 particularity the statements they claim were false. Plaintiffs allege that a branch manager
13 misrepresented the nature of the loan product, which they assert had "unconscionable
14 provisions" including an interest rate conversion option that was limited to ten years and no
15 intermediate interest rate cap. (FAC ¶¶ 29, 43, 45-48.) But as to specific statements, the
16 allegations are vague. First, Plaintiffs allege that the branch manager assured them that the terms
17 of the loan "were in Mr. Ticey[']s best interest." (Id. ¶ 65.) But this qualitative statement has not
18 been sufficiently alleged to be false or the precise reasons why. Rather, it is a statement of
19 opinion that cannot form the basis of a fraud claim. See Bulbman, Inc. v. Nev. Bell, 108 Nev.
20 105, 111, 825 P.2d 588, 592 (1992); Demetriades v. Yelp, Inc., 228 Cal. App. 4th 294, 311
21 (2014). Second, "Mr. Ticey also indicated that he was sold on the false promise of being able to
22 convert between a fixed and adjustable interest rate determination for the life of the loan." (Id. ¶
23 54). But this allegation does not actually identify a specific statement the branch manager made.
24

It merely points to Mr. Ticey's subjective understanding about the conversion feature. Plaintiffs fail to identify an affirmative misrepresentation or omission about this loan feature on which they relied. Indeed, that feature was plainly disclosed in the paperwork. (See Order on Motion to Dismiss at 6 (Dkt. No. 31).) Third, Plaintiffs fail to identify any false statements or omissions converting the interest rate cap, the choice of law, or the prepayment penalty. Fourth, Plaintiffs also fail to identify any specific, actionable misstatements that Washington Mutual executives made to them on which they relied. (See id. ¶ 50.) While conceding that the executives did not make any representations directly to them, Plaintiffs argue that the branch manager "echoed misstatements of Washington Mutual executives in press releases." (Resp. at 6-7.) But Plaintiffs fail to what the branch manager "echoed" or that they relied on these statements.

In sum, Plaintiffs have failed to provide sufficiently detailed and particularized allegations concerning the purported fraud. They have not provided sufficient details about the alleged misstatements and omission, how they were false, and how they justifiable relied on the misstatements. This does not suffice under Rule 9(b). See Vess, 317 F.3d at 1103. The Court therefore GRANTS the Motion and DISMISSES the fraud claim.

**C.     Undue Influence**

Plaintiffs' undue influence remains inadequately pleaded.

As the Court previously held:

> "Because this claim implicates the Loan Agreement's enforceability, the Court applies Nevada law. Outside of the estate and family law, Nevada does not appear to recognize a claim for undue influence. See In re Est. of Bethurem, 129 Nev. 869, 313 P.3d 237 (2013) (examining a claim of undue influence in a dispute over whether to invalidate a will).

(Dkt. No. 31 at 11.) The Court explained that even if such a claim existed, "Plaintiffs would need to allege a fiduciary relationship existed between them and the branch manager." (Id.) Under

1 | Nevada law, "[a] fiduciary relationship is deemed to exist when one party is bound to act for the
2 | benefit of the other party." Hoopes v. Hammargren, 102 Nev. 425, 725 P.2d 238, 242 (1986).
3 | This may be shown through either a confidential or special relationship. To allege a special
4 | relationship, the party must show that (1) "the conditions would cause a reasonable person to
5 | impart special confidence" and (2) the trusted party reasonably should have known of that
6 | confidence. Mackintosh v. Cal. Fed. Sav. & Loan Ass'n, 113 Nev. 393, 935 P.2d 1154, 1160
7 | (1997) (per curiam). A confidential relationship "may exist although there is no fiduciary
8 | relationship; it is particularly likely to exist when there is a family relationship or one of
9 | friendship." Perry v. Jordan, 111 Nev. 943, 900 P.2d 335, 338 (1995). And the plaintiffs would
10 | need to plead the claim with particularity, as it is a species of fraud subject to Federal Rule of
11 | Civil Procedure 9(b). See Bethurem, 129 Nev. at 875.

12 |     Plaintiffs fail to identify any authority that a claim of undue influence applies to loan
13 | transactions under Nevada law. Even if they had, they have not provided sufficient,
14 | particularized allegations as to how the branch manager created a fiduciary relationship with
15 | them. They allege that the branch manager steered them to a particular loan product, but they do
16 | not include any factual allegations that might suggest this was outside an ordinary borrower-
17 | lender interaction. The nature of these allegations does not suffice to show a special relationship
18 | needed to satisfy this aspect of the claim. Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865,
19 | 883 (9th Cir. 2007) (holding that there was no special relationship even where the car seller
20 | encouraged them to trust him like entering into a marriage). Plaintiffs have failed to provide
21 | sufficient allegations to support this claim. The Court GRANTS the Motion and DISMISSES
22 | this claim.

D.    **Negligent Misrepresentation**

There are two fatal flaws with Plaintiffs' negligent misrepresentation claim.

First, the Court's Order on the first Motion to Dismiss granted limited leave to amend the undue influence claim and to add a fraud claim. The Court granted no leave to add any other claims. When limited leave is granted, the plaintiff may not include other, additional claims. See, e.g., Vahora v. Valley Diagnostics Lab'y Inc., No. 1:16-CV-01624-SKO, 2017 WL 2572440, at *2 (E.D. Cal. June 14, 2017) (collecting cases). Plaintiffs recognize this limitation, but suggest that the claim is akin to a "lesser included charge" vis-à-vis their fraud claim. But Plaintiffs offer no authority for this proposition. And the Court finds that the claim must be dismissed because it was not expressly permitted by the Court's prior order.

Second, the negligent misrepresentation claim fails for the same reason as the fraud claim. Under both California and Nevada Law, the Plaintiff must allege a material misrepresentation or omission on which the plaintiff reasonably relied. See Halcrow, Inc. v. Eighth Judicial Dist. Court, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (quoting Restatement (Second) of Torts § 552 (1977)); Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Grp., Inc., 89 Cal. Rptr. 3d 473, 483 (Cal. Ct. App. 2009). And the claim, which sounds in fraud, must also be pleaded with particularity. See Bethurem, 129 Nev. at 875; Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). As explained in the context of the fraud claim, Plaintiffs have not alleged that they justifiably relied on any false statements or material omissions. This claim is therefore inadequately pleaded.

For these two independent reasons, the Court GRANTS the Motion and DISMISSES this claim.

### E. Lack of Signature

The FDIC asks the Court to strike the second amended complaint that Plaintiffs filed after the FDIC moved to dismiss the first amended complaint. The Court declines to strike the amendment. It appears that the second amendment was done simply to cure the lack of signature from Mrs. Ticey. The Court accepts this as a cure for the failure to include her signature on the first amended complaint. But because the pleading does not alter the basis of the Motion to Dismiss, the Court construes the second amended complaint as a praecipe that corrects a filing oversight in the first amended complaint. The Court declines to strike the filing.

## CONCLUSION

Plaintiffs have been unable to save their complaint through amendment. All three claims alleged are inadequate to satisfy the pleading requirements and they do not state a claim upon which relief can be granted. The Court therefore GRANTS the Motion and DISMISSES this action. The Court's dismissal is WITH PREJUDICE. Further leave to amend is not proper given that Plaintiffs have already been given two opportunities to plead their claims. There is no indication that further amendment could save the claims.

The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated July 25, 2023.

Marsha J. Pechman
United States Senior District Judge